UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAIME DEAN CHARBONEAU,<br><br>                Petitioner,<br><br>v.<br><br>TYREL DAVIS,<br><br>                Respondent. | Case No. 1:24:cv-00390-REP<br><br>**SUCCESSIVE REVIEW ORDER** |

      Petitioner Jaime Dean Charboneau, an inmate in the custody of the Idaho Department of Correction, has filed an Amended Petition for Writ of Habeas Corpus challenging his state court convictions. *See* Dkt. 16.

      The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. For the reasons that follow, the Court enters the following Order directing Petitioner to file a second amended petition if Petitioner intends to proceed.

      The Amended Petition does not comply with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either

SUCCESSIVE REVIEW ORDER - 1

the form appended to these rules or a form prescribed by a local district-court rule." The instant Petition follows neither.

This Court has adopted a local form for § 2254 petitioners. The Clerk of Court will provide Petitioner with the required form, which Petitioner must use in drafting a second amended petition. If Petitioner needs additional pages, he may use blank pages in addition to the form. In so doing, Petitioner must organize any second amended petition by claim for relief and must clearly identify the particular federal constitutional provision asserted in each claim, as well as the facts in support of each claim.

Furthermore, as docketed, the Amended Petition is nearly 1,500 pages long and includes various other documents interspersed throughout the petition. A court undertaking a Rule 4 review is not required to comb through a petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished).

Petitioner's Amended Petition is "unwieldy in the extreme and an unwelcome and wholly unnecessary strain on the court system." *Allen v. Tewalt*, No. 1:20-cv-00287-DCN, 2020 WL 5961094, at *4 (D. Idaho Oct. 7, 2020) (internal quotation marks and

SUCCESSIVE REVIEW ORDER - 2

alteration omitted) (civil rights context). Accordingly, the Court exercises its discretion to require any second amended petition to be limited to 50 pages and to omit any attachments. *See id*. ("District courts have broad discretion to manage their own dockets.").

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file a second amended petition, as set forth above, that complies with Habeas Rules 2(c) and 2(d). Any such petition may be no longer than 50 pages and may not include attachments.

2. The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and Petitioner is expected to use that form to draft any second amended petition. If Petitioner does not file a timely second amended petition, or if the petition does not comply with the Habeas Rules or this Order, this case may be dismissed with prejudice and without further notice.

3. Alternatively, Petitioner may file a Notice of Voluntary Dismissal if he no longer intends to pursue this case.

DATED:  June 4, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge