UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAIME DEAN CHARBONEAU,

Petitioner,

v.

NICK BAILEY,

Respondent.

Case No. 1:24-cv-00390-REP

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is a Second Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Jaime Dean Charboneau, challenging Petitioner's state court convictions. Dkt. 20. Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted. Dkt. 29. Petitioner has filed a Request for Discovery and a Motion to Strike (1) Respondent's Response to Petitioner's Request for Discovery and (2) Respondent's Reply in Support of Respondent's Motion for Summary Dismissal Dkts. 36, 41. The Motions are now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 30; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal

Rule of Civil Procedure 73. *See* Dkt. 8. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court will enter the following Order denying Petitioner's Request for Discovery and Motion to Strike and granting Respondent's Motion for Summary Dismissal.

**BACKGROUND**

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Idaho v. Charboneau*, Docket No. 46552 (Idaho Ct. App. May 19. 2020) (unpublished), which is contained in the record at State's Lodging B-11. The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, during which Petitioner represented himself with the aid of standby counsel, Petitioner was convicted of burglary and aggravated assault, as well as a sentencing enhancement for use of a deadly weapon. *State's Lodging A-2* at 561; *B-11* at 1–2; *D-4* at 2. Petitioner was sentenced to a fixed 10-year term for the burglary conviction and a fixed 15-year term for the aggravated assault conviction, to be served consecutively to each other and to Petitioner's sentence for murder in a separate case. *State's Lodging A-3* at 808–09.

On direct appeal, Petitioner, through counsel,[1] argued that the trial court erred under Idaho law by (1) denying Petitioner's motion for a mistrial after the jury heard

[1] Even though Petitioner was represented by counsel on appeal, Petitioner filed numerous pro se documents, in violation of the Idaho courts' procedural rule prohibiting pro se filings by represented litigants. *State's Lodgings B-1 through B-7*; *see also Ward v. State*, 458 P.3d 199, 203 (Idaho 2020);

evidence that Petitioner was "out on bond" at the time of the crimes, and (2) excluding two of Petitioner's potential witnesses. *State's Lodging B-8* at 6–13. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-11*; *B-18*.

Petitioner then filed a state post-conviction petition. *State's Lodging C-1* at 2. The state district court dismissed the petition. The court held that Petitioner's claims of ineffective assistance of trial counsel failed because Petitioner represented himself at trial. *State's Lodging C-5* at 1243. The court rejected Petitioner's argument that he was "forced to choose between ineffective counsel or representing himself" because Petitioner had "made a knowing, intelligent and voluntary waiver of his right to competent counsel." *Id*.

The post-conviction court also held that Petitioner's remaining claims were barred because they could have been raised on direct appeal. *Id*. at 1242–44. Finally, the court held that because Petitioner had "failed to provide the Court with any evidence supporting his allegations, no issue of material fact, genuine or otherwise, exists." *Id*. at 1244.

On appeal from the dismissal of his post-conviction petition, Petitioner raised two issues. Petitioner first contended that he did not receive adequate notice of the grounds for dismissal of the petition as required by Idaho law. *State's Lodging D-2* at 14–17.

---

*Moen v. State*, No. 40600, 2014 WL 5305905, at *11 (Idaho Ct. App. Oct. 15, 2014); *Johnson v. State*, No. 38425, 2012 WL 9490829, at *2 (Idaho Ct. App. Feb. 3, 2012).

Alternatively, Petitioner asserted he was denied the effective assistance of trial counsel, arguing again that he was improperly forced to choose between ineffective counsel and representing himself at trial. *Id*. at 7–8, 17–19. Specifically, Petitioner claimed his counsel violated Idaho Rule 12 of the Idaho Rules of Professional Conduct by trying to get Petitioner to plead guilty. *Id*. at 18–19.

The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition. With respect to the notice argument, the court held that Petitioner did not object to the sufficiency of notice in the district court and, therefore, had not preserved the issue for appeal. *State's Lodging D-4* at 6–7 ("Generally, issues not raised below may not be considered for the first time on appeal. More specifically, an appellant may not challenge the sufficiency of the notice contained in the State's motion for summary disposition and accompanying memoranda, for the first time on appeal.") (internal citations omitted). The court also held that, even if the issue had been preserved, the claim failed because Petitioner had received sufficient notice. *Id*. at 7.

Finally, the state appellate court rejected Petitioner's ineffective assistance claim that he was forced to choose between being represented by ineffective counsel and representing himself. *Id*. at 8. The Idaho Court of Appeals held that Petitioner had "failed to show both deficient performance and resulting prejudice" with respect to this claim. *Id*. The Idaho Supreme Court denied review. *State's Lodging D-6*.

In the instant Second Amended Petition for Writ of Habeas Corpus, Petitioner asserts four claims:

> Claim 1 alleges that the trial judge was biased against Petitioner. Claim 2 asserts Petitioner was denied his Sixth Amendment right to be represented by counsel. In Claim 3, Petitioner contends his right to due process and "right to speak" under the First Amendment were violated. Finally, Claim 4 asserts that a judge on Petitioner's appellate case was biased against him.

*Sec. Succ. Rev. Order*, Dkt. 22, at 2. Because the Petition does not specify the grounds for relief with respect to Claims 2 and 3, the Court has construed those claims to the same extent they were raised in state court. *Id*.

**PETITIONER'S MOTION TO STRIKE**

Petitioner moves to strike two briefs filed by Respondent: Respondent's Memorandum in Opposition to Petitioner's Request for Discovery and Respondent's Reply in Support of the Motion for Summary Dismissal.

Other than a due process argument, Petitioner bases his Motion to Strike only on Idaho state law and Idaho court rules. He has cited no federal rule prohibiting the briefs. Indeed, the briefs were properly filed under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Federal Rules of Civil Procedure, and this Court's Local Rules.

As for his due process argument, Petitioner claims that Respondent's briefs were not verified. Dkt. 41 at 2–4. However, briefs are not required to be verified, and, because Respondent is represented by counsel, Respondent himself was not required to sign the briefs. *See* Fed. R. Civ P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

Accordingly, the Court will deny Petitioner's Motion to Strike.

**PETITIONER'S REQUEST FOR DISCOVERY**

Petitioner asks the Court to order discovery. Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner must first seek leave of court to conduct discovery, and such leave may be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases. A petitioner has generally shown good cause when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted).

However, a request for discovery must be supported by specific factual allegations. Habeas "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted). If good cause is shown, the extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

Petitioner initially states that he seeks discovery for purposes of showing "cause and prejudice[] and actual innocence." *Memo. in Supp. of Req. for Disc.*, Dkt. 37, at 3. But Petitioner does not explain how any potentially discoverable evidence would help establish an excuse for a default of Petitioner's claims. Therefore, Petitioner has not shown good cause for his requested discovery on this basis.

To the extent Petitioner seeks discovery on the merits of his claims, the request must be denied. Generally, the merits of a federal habeas claim must be decided only on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011);

28 U.S.C. § 2254(e)(2). If a petitioner seeks to bring new evidence on federal habeas review that has not been presented to the state courts, *and* he failed to develop the factual basis of the claims in state court because of "lack of diligence or some greater fault, attributable to" him or his counsel, then the petitioner must meet the requirements of § 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Section 2254(e)(2) requires a petitioner to show that his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* 28 U.S.C. § 2254(e)(2)(A), (B).

Petitioner has not shown he was not at fault for the failure to present evidence to the state court, nor has he shown he meets the requirements of § 2254(e)(2). Accordingly, the Court will deny Petitioner's Request for Discovery based on lack of good cause and failure to satisfy § 2254(e)(2).

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

The Habeas Rules authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Court previously reviewed the Second Amended Petition and allowed Petitioner to proceed on his claims to the extent the claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 4. Respondent now argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

**1. Procedural Default Standards of Law**

A habeas petitioner must exhaust remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state

law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett*

*v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003) (*as amended on denial of rehearing en banc*).

If the state court applied an adequate and independent procedural bar, then the claim is procedurally defaulted, even if a petitioner asserts that the application of the procedural bar was erroneous under state law. Federal courts lack the authority to second-guess a state court's application of its own procedural bar in a particular case. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction … to review state court applications of state procedural rules."); *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules, even if they are the basis for a procedural default.").

"[W]here a state court expressly invokes a procedural bar, the claim is defaulted, even [if] the state court goes on to discuss the merits of the claim." *Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017). That is, when a state court has relied on an adequate and independent ground to find a claim procedurally barred, that court "need not fear reaching the merits of a federal claim in an *alternative* holding." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). A state court's "double-barrel[ed]" decision is "entitled to deferential review by federal courts" as to "both its procedural default ruling and its merits ruling." *Apelt*, 878 F.3d at 825.

Once the state pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (*as amended on denial of rehearing and rehearing en banc*). The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state. *Id*.

**2. All of Petitioner's Claims Are Procedurally Defaulted**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

On direct appeal, Petitioner raised two claims: that the trial court should have granted a mistrial and admitted the testimony of two witnesses. These claims were based entirely on Idaho state law and did not raise any federal issues. *See generally State's Lodging B-8*. Thus, Petitioner's direct appeal did not serve to exhaust any of his federal habeas claims.

On appeal from the dismissal of Petitioner's state post-conviction petition, Petitioner argued primarily that he did not receive adequate notice of the grounds for dismissal. This claim was based on state law, not federal law, and is therefore not cognizable in this case. *See Horonzy v. Smith*, No. 1:11-CV-00235-EJL, 2012 WL

4017927, at *2 (D. Idaho Sept. 12, 2012) (unpublished) ("Claim 5 is that the trial court abused its discretion when it dismissed his post-conviction petition addendum without notice. Claim 5 is non-cognizable because habeas corpus is not the proper avenue to address errors in a state's post-conviction review process.") (internal citation omitted).

Moreover, even if the Court construed the notice argument as asserting a federal claim contained in the Petition, such as deprivation of due process, the Idaho Court of Appeals declined to consider that claim based on the longstanding procedural rule that appellate courts do not address issues that were not raised in the state district court. *State's Lodging D-4* at 6–7. This rule has been consistently applied—both generally and to the specific issue regarding notice of grounds for post-conviction dismissal—since long before the Idaho Court of Appeals decided Petitioner's case. *See DeRushé v. State*, 200 P.3d 1148, 1151 (Idaho 2009) ("If the State did not state the grounds of its motion with sufficient particularity, then [Appellant] should have raised that issue below. He cannot raise the alleged lack of specificity for the first time on appeal."); *Kelly v. State*, P.3d 1277, 1281–82 (Idaho 2010) ("[A]n appellant may not challenge the sufficiency of the notice contained in the state's motion for summary disposition, and accompanying memoranda, for the first time on appeal."). Not only was this rule well-established at the time of Petitioner's case, the rule also is not dependent on federal law. Thus, the Idaho

Supreme Court denied Petitioner's notice argument on an adequate and independent state procedural basis, rendering any due process claim procedurally defaulted.[2]

The Idaho Court of Appeals addressed on the merits Petitioner's argument that he was forced to choose between ineffective counsel and representing himself. However, Petitioner raised this as an ineffective assistance claim, and the Idaho Court of Appeals thus addressed it as one. *State's Lodging D-2; D-4*. Petitioner does not raise an ineffective assistance claim in the instant habeas case.[3] Therefore, Petitioner's appeal from the dismissal of his post-conviction petition did not serve to fairly present any of his habeas claims.

For these reasons, the Court concludes that Petitioner's claims are procedurally defaulted.

**3. Petitioner Has Not Shown He Is Excused from Procedural Default**

The conclusion that Petitioner's claims are defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a fundamental miscarriage of justice, which means that a constitutional violation has probably resulted in the conviction of

[2] That the Idaho Court of Appeals went on to conclude on the merits that Petitioner received adequate notice does not mean the claim was fairly presented. *See Apelt*, 878 F.3d at 825; *Harris*, 489 U.S. at 264 n.10.

[3] Though the ineffective assistance claim raised to the Idaho Court of Appeals appears to be based on similar facts as Claim 2 of the Second Amended Petition—that Petitioner was denied his right to counsel—it is not the same claim. Denial of the right to counsel and denial of effective counsel both arise from the Sixth Amendment, but they are different claims.

someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

### *A. Petitioner Has Not Established Cause and Prejudice*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel to serve as cause to excuse a default, that ineffectiveness claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of an underlying habeas claim, a petitioner must

have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Though Petitioner's brief in opposition to the Motion for Summary Dismissal is not entirely clear, it appears Petitioner asserts two primary arguments regarding cause and prejudice.

First, Petitioner states that Judge Molly Huskey, one of the judges on the Idaho Court of Appeals in Petitioner's direct appeal and post-conviction appeal, represented Petitioner in a separate case when Judge Huskey was a public defense attorney. Dkt. 38-1 at 2–4, 15–16. Petitioner claims this constituted a conflict of interest.

Petitioner is incorrect. A judge does not have a conflict of interest merely because the judge represented a criminal defendant in separate proceedings before the judge was appointed or elected to the bench. *See, e.g., Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621–22 (7th Cir. 2002) ("Nothing in the Code of Conduct for federal judges makes prior representation of a litigant a disqualifying event. The norm among new appointees to the bench is that once two years pass, perhaps even earlier, a judge is free to sit in controversies involving former clients."); *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) ("[A] judge's prior representation of a witness or a party in an unrelated matter does not automatically require disqualification."), *abrogated*

*on other grounds by Martinez v. City of Aurora*, 174 F.4th 745, 756 (10th Cir. 2026); *Martinez-Sanchez v. Vineyards*, No. 119-cv-01404-ADA-CDB, 2023 WL 2143381, at *4 (E.D. Cal. Feb. 21, 2023) (unpublished) ("Requiring recusal based on a judge's prior employment would be untenable—at its logical extreme, it would prevent former [prosecutors] and [public defenders] from hearing any criminal matters on their dockets."). Moreover, even if Judge Huskey did have a conflict of interest, Petitioner does not explain how any such conflict constitutes cause and prejudice to excuse the default of his claims.

Second, Petitioner appears to contend that ineffective assistance of counsel constitutes cause and prejudice. Because Petitioner represented himself at trial, he cannot use ineffective assistance of trial counsel as cause to excuse the default of his claims. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). To the extent Petitioner alleges ineffective assistance of direct appeal counsel, he did not fairly present any such claim to the state courts. Because Petitioner has not shown cause and prejudice for the default of any ineffective assistance of appellate counsel claim, he may not use such a claim as an excuse for his procedural default. *See Edwards*, 529 U.S. at 452.

Petitioner's remaining arguments in his opposition briefing go to the merits of his claims and, therefore, have no bearing on the instant Motion for Summary Dismissal. Petitioner has not shown cause and prejudice to excuse the default of his claims.

### *B. Petitioner Has Not Established Actual Innocence*

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if the petitioner demonstrates that he is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the actual-innocence exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show by a preponderance of the evidence that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's

entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002). The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

Petitioner offers no new, reliable evidence suggesting he is actually innocent. His s own version of the events giving rise to his convictions and his attacks on the victim's credibility are insufficient. As a result, Petitioner has not met his heavy burden of showing that, in light of all the evidence, it is more probable than not that all reasonable jurors would vote to acquit.

## CONCLUSION

Because Petitioner's claims are procedurally defaulted without excuse, the Second Amended Petition must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Strike (Dkt. 41) is **DENIED**.

2. Petitioner's Request for Discovery (Dkt. 36) is **DENIED**.

3. Respondent's Motion for Summary Dismissal (Dkt. 29) is **GRANTED**, and the Second Amended Petition is **DISMISSED** with prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: August 14, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge